IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RICKY JOE RAKES, )
)
    Petitioner, )
)
v. ) Civil Action No. 3:20CV413–HEH
)
SUPERINTENDENT GOODE, )
)
    Respondent. )

# MEMORANDUM OPINION
(Dismissing 28 U.S.C § 2254 Petition Without Prejudice)

Ricky Joe Rakes, a Virginia inmate proceeding *pro se*, filed this petition pursuant to 28 U.S.C. § 2241, alleging that he has not received the appropriate credit towards his Virginia sentences for time that he served before being sentenced. (ECF No. 1.)[1] The Court construes Rakes's petition as arising under 28 U.S.C. § 2254. *See In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) ("[R]egardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' . . . even if they challenge the execution of a state sentence."); *see also Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003).

---

[1] The Court employs the numbering and pagination assigned by the CM/ECF docketing system for the citations to the parties' submissions.

Respondent has filed a Motion to Dismiss on the grounds that Rakes has failed to exhaust his state court remedies. Rakes has filed a response. For the reasons stated below, the Motion to Dismiss (ECF No. 10) will be granted.

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "As a general rule, in the absence of 'exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent,' *Bowen v. Johnston,* 306 U.S. 19, 27 (1939), courts 'require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.'" *Timms v. Johns,* 627 F.3d 525, 530–31 (4th Cir. 2010) (alteration in original) (parallel citation omitted) (quoting *Boumediene v. Bush,* 553 U.S. 723, 793 (2008)). Exhaustion is accomplished by presenting the claim to the Supreme Court of Virginia for review on direct appeal or in a collateral proceeding.

Conversely, "federal courts should abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. Louisiana,* 816 F.2d 220, 225 (5th Cir. 1987) (citations omitted); *Durkin v. Davis,* 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation marks omitted) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand."). The burden of proving that a claim has been

2

exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

Rakes's submissions fail to indicate that he properly presented his claims for relief to the Supreme Court of Virginia by either direct review or by collateral review. While Rakes did apparently file a "Motion for Jail Credits" in the Supreme Court of Virginia, that Motion was rejected for lack of jurisdiction. (ECF No. 1-1, at 10.) As Respondent points out, Rakes could have easily cured this defect by presenting a proper habeas corpus petition to the Supreme Court of Virginia (*see* ECF No. 11, at 3), in accordance with Virginia's "chosen procedural scheme." *See Mallory*, 27 F.3d at 994–95. Indeed, despite the fact that the Supreme Court of Virginia explicitly informed Rakes that it "has jurisdiction to consider . . . petitions for writs of habeas corpus" (ECF No. 1-1, at 10), Rakes never took the time to file a conforming petition.

Rakes fails to demonstrate any exceptional circumstances warranting the consideration of his habeas petition at this time. Accordingly, his § 2254 Petition and the action will be dismissed without prejudice because he has failed to demonstrate that he has exhausted available state remedies.[2] Petitioner's other outstanding Motions (ECF Nos. 15, 16) will be denied. A certificate of appealability will be denied.

---

[2] This result should come as no surprise to Rakes. On April 22, 2020, the United States District Court for the Western District of Virginia rejected similar claims from Rakes for similar reasons. *See Rakes v. Goode*, No. 7:20CV00226, 2020 WL 1950453, at *1 (W.D. Va. April 22, 2020) (dismissing claims without prejudice). There, the Court expressly told Rakes that he "may file a petition for a writ of habeas corpus in the circuit court where he was sentenced, and if relief is denied, he may then file a habeas appeal to the Supreme Court of Virginia." *Id.* (citation omitted). The Court went on to inform Rakes that, as an "alternative, he may file his initial state habeas corpus petition directly in the Supreme Court of Virginia, instead of the circuit court." *Id.* (citation omitted).

3

An appropriate Order will accompany this Memorandum Opinion.

　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　HENRY E. HUDSON
Date: May 26, 2021　　　SENIOR UNITED STATES DISTRICT JUDGE
Richmond, Virginia